UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
RESTITUTO EMBUSCADO,

Plaintiff,

- against -

DC COMICS,
WARNER BROS. ENTERTAINMENT COMPANY, INC.,
and TIME WARNER, INC.,

Defendants.
---------------------------------------x

07 Civ. 2813(CM)(DFE)
07 Civ. 4631(CM)(DFE)
These are not ECF cases

REPORT AND RECOMMENDATION TO JUDGE MCMAHON

DOUGLAS F. EATON, United States Magistrate Judge.

Mr. Embuscado is suing the same three defendants in both of these *pro se* lawsuits; 07 Civ. 2813 is a suit for trademark infringement, and 07 Civ. 4631 is a suit for copyright infringement. On September 18, 2007, Judge McMahon referred both lawsuits to me for general pretrial supervision.

For the reasons discussed below, I recommend that Judge McMahon dismiss both of these lawsuits pursuant to Rule 37(b) and Rule 37(d) of the Federal Rules of Civil Procedure, because of Mr. Embuscado's failure to comply with three court orders:

(a) Judge McMahon's July 13, 2007 oral directives as shown on the transcript.

(b) My Memorandum and Order dated September 21, 2007.

(c) My Memorandum and Order dated November 1, 2007.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Embuscado filed his Complaint in 07 Civ. 2813 on April 9, 2007; it was assigned to Judge McMahon and Magistrate Judge Kevin N. Fox. He filed his Complaint in 07 Civ. 4631 on June 1, 2007; it was initially assigned to Judge Kaplan and Magistrate Judge Ellis. Mr. Perkins filed Answers in both cases as the attorney for all three defendants. Judge McMahon held a conference on July 13, 2007 with Mr. Embuscado and Mr. Perkins. At the conference, she agreed to take 07 Civ. 4631 as a related case, and she signed a Civil Case Management Plan which she

applied to both cases. [1] (See the 9/18/07 Memorandum sent by Judge McMahon's chambers to the Docket Clerk.)

During the July 13, 2007 conference, Judge McMahon gave detailed instructions to Mr. Embuscado concerning his obligations to provide discovery to defense counsel. The transcript of that conference is Docket Item #16. Mr. Embuscado was supplied with a copy of this transcript as Exhibit B to Mr. Perkins's 10/29/07 letter sent to Mr. Embuscado by Express Mail. I shall now quote at length from the July 13, 2007 transcript (I have added my emphasis with bold type):

> [JUDGE McMAHON:] ... The first thing that you need[] to do is you need to stop by the pro se office ... [and] get the pro se litigation manual, which will give you such instruction as the court can give you about how a case works. [Tr. 11.]
>
> * * *
>
> **You have a corresponding obligation to turn over, without any request, Rule 26 discovery to the defendant's counsel.** I'm going to tell you what it is that you have to give him copies of. Ok? [Tr. 12.]
>
> * * *
>
> ... **You have to give him copies of all documents that show how you have used the mark when you began using Nuclear Man or the character Nuclear Man.** If you had a book that you published in 1979, you have to give him a copy of the book. If you have an article that you wrote in 1983, you have to give him a copy of the article. [Tr. 12.]
>
> * * *
>
> ... If there is more that indicates how you have used the mark, **you have to give it to him and you have to give it to him by the end of this month.** All right?

---

[1] Magistrate Judge Fox recused himself from 07 Civ. 2813; on August 16, 2007, I was selected at random to carry out Judge McMahon's Order of Reference dated July 13, 2007. On September 18, 2007, Judge McMahon followed the normal practice for related cases; she expanded the Order of Reference in the earlier-filed case, so that I became the Magistrate Judge in both cases.

In addition, you need to give him copies of your trademark registrations. [Tr. 12-13.]

* * *

**All discovery must be completed by the end of January 2008.** And although this is a trademark infringement case, **I'm directing that the plaintiff's deposition be the first deposition to be held.** The lawyer is going to ask you to come to his office and have you sworn under oath and ask you questions. [Tr. 14.]

* * *

No, no. With transcript. He is going to have **a court reporter there taking down every word you say.** That's called a deposition. It's allowed under the Federal Rules of Civil Procedure. You will be under oath. It will be just like you're sitting in a witness chair here in court. .... And you have to answer his questions about the lawsuit.

* * *

I understand you filed a complaint. As a result, **he has a right to take your testimony under oath in his office.** The Federal Rules of Civil Procedure allow him to do it. Because you have filed a complaint, he may do that. You did not, in other words, cut off his right to examine you. On the contrary, you gave him an absolute right to examine you by filing your lawsuit. That's the way it works.

**The plaintiff's deposition will need to be completed by the end of September.** Hopefully, by that time you will be able to take the deposition in both of the cases.

**The lawyer also has a right to serve what are called discovery demands**, document demands on you, or to ask you questions and ask you to answer them in writing or to admit or deny certain factual statements in writing, **and you do have to respond to those.**

**... You have to respond to every question that he asks you and to every request that he makes.** If you

have a problem with any of that, you have to go to Magistrate Judge Fox [later Magistrate Judge Eaton]... who will resolve any disputes. [Tr. 14-15.]

* * *

As I said, the case has been assigned to Magistrate Judge Kevin Nathaniel [F]ox [later reassigned to Douglas F. Eaton]. **For resolution of discovery disputes, you go directly to [the magistrate judge].** Please do not wait until three days before the discovery deadline to go to him, because **I won't extend the discovery deadline.** What that means is you should make your discovery requests early, and **if there is going to be a problem, you need to take the matter to [the magistrate judge] early so he can get it resolved early.** [Tr. 17-18.]

* * *

... He [defense counsel] may ask you for more evidence. **He will certainly ask to take your deposition, and you must sit for a deposition....** [Tr. 21.]

* * *

**If you need to know something, you should go to the pro se office.** Neither [the magistrate judge] nor I can give you extra help. We have to be completely neutral between the two sides. **The reason we have a pro se office is to answer questions for litigants like yourself who don't have lawyers and who need some help figuring out what to do next.** [Tr. 22-23.]

(Docket Item # 16.)

On September 19, 2007, via Express Mail, Mr. Perkins sent Mr. Embuscado a notice to appear for deposition on September 28, 2007 at the offices of Fross Zelnick Lehrman & Zissu at 866 U.N. Plaza, First Avenue at 48th Street in Manhattan. (Exh. C to the 10/29/07 Perkins letter.) Mr. Perkins's office is in Cold Spring in Putnam County, but 48th Street was obviously a convenient location for Mr. Embuscado, who picks up his mail at East 23rd Street. (See Exh. D to the 10/29/07 Perkins letter.) Exhibit D is a September 19 cover letter which said: "If you are unable to appear on the 28th, please call me as soon as possible, ...."

On September 21, 2007, I mailed a Memorandum and Order to Mr. Embuscado. I explained that I had replaced Judge Fox and Judge Ellis as the Magistrate Judge for both cases. In addition, at ¶ 7, I wrote (with my emphasis now underlined):

> I enclose a copy of my Standing Order for Discovery Disputes. The Standing Order sets out my rules if you have any disputes about discovery. If the dispute concerns a deposition that is actually in progress, you can try to reach me by telephone. For any other sort of dispute, you must meet and confer and try to compromise; if that fails, then you must send me a single joint letter. This takes time. Keep in mind that I have no power to change Judge McMahon's deadline that all discovery, including expert discovery, must be completed on or before January 31, 2008.

In a letter to me dated October 29, 2007, Mr. Perkins detailed his efforts to get Mr. Embuscado to comply with my Standing Order for Discovery Disputes. He enclosed his 20-page draft of the required joint letter, which draft he had sent to Mr. Embuscado ten days earlier. He also enclosed Exhibits A through J, which are described in the 20-page draft.

On November 1, 2007, I sent my second Memorandum and Order to Mr. Embuscado, and I shall now quote from it at length. The bold type was in the original; I have now added underlining to emphasize some additional passages:

> 4. ... It seems clear that Mr. Embuscado has failed to comply with my September 20 order that "you must meet and confer and try to compromise" about any discovery dispute.
>
> 5. I hereby direct Mr. Embuscado to **telephone Mr. Perkins as soon as possible, starting no later than November 8, 2007**, and to keep calling every 60 minutes during business hours until he reaches Mr. Perkins, and then to confer with Mr. Perkins in good faith for at least 20 minutes concerning the complaints spelled out in Mr. Perkins's 20-page letter.
>
> * * *
>
> 7. I hereby direct Mr. Embuscado to **send to Mr. Perkins, no later than November 8, 2007**:
>
> (A) The name and, if known, the address and telephone number of each individual likely to have

information that Mr. Embuscado wishes to use to support his claims in either of these two lawsuits (for each such individual, identify the subjects or topics of the information that he or she is likely to have).

(B) A copy of, or a description by category and location of, all documents, data compilations, and tangible things that (a) are in Mr. Embuscado's possession, custody, or control and (b) he wishes to use to support his claims in either of these two lawsuits.

This is required by Rule [2]6(a)(1)(A) and (B) of the Federal Rules of Civil Procedure.

8. I have reviewed Defendant DC Comics' definitions, instructions, and seven interrogatories (Exh. G), and I rule that they are proper. I have reviewed Mr. Embuscado's September 12 response (Exh. H). As to Interrogatories Nos. 1, 3, 4, 5, 6, and 7, he asserts that certain phrases are unclear. I rule that the Interrogatories are clear, and that his objections are frivolous. He complains that Interrogatories Nos. 2 and 4 did not mention or classify the "goods." These objections are also frivolous; he obviously knows the classifications of his own goods, and he must answer using his best knowledge of the Defendants' goods. I direct Mr. Embuscado to **send to Mr. Perkins, no later than November 8, 2007,** complete answers to Interrogatories Nos. 1 through 7, signed and notarized.

9. I have reviewed Defendants' definitions, instructions, and 27 requests for production of documents and things (Exh. I). I rule that they are all proper, except that I direct the parties to meet and confer about Requests Nos. 3, 4, 20, and 27. I have reviewed Mr. Embuscado's September 12 response (Exh. J). It makes no response to Requests Nos. 1 through 4; as to each of the other Requests, he singles out a phrase and asserts that it is unclear. I rule that each Request is clear, and that his objections are frivolous. I direct Mr. Embuscado to **send to Mr. Perkins, no later than November 13, 2007,** a copy of each document in Mr. Embuscado's possession, custody, or control that is responsive to any of Requests Nos. 1, 2, 5 through 19, and 21 through 26.

> 10. On July 13, 2007, Judge McMahon told Mr. Embuscado that Mr. Perkins "has a right to take your testimony under oath in his office. ... The plaintiff's deposition will need to be completed by the end of September." (Exh. B, Tr. 15.) On September 19, defense counsel served Mr. Embuscado (by Federal Express) with a Notice of Deposition to appear on September 28, 2007 at 10:00 a.m. for a deposition at the office of a law firm in midtown Manhattan (Exh. C), along with a cover letter (Exh. D) which ended: "If you are unable to appear on the 28th, please call me as soon as possible so that we can schedule a different date." Mr. Embuscado sent a one-page response dated September 25 (Exh. E); it said that he had already answered the defendants' Interrogatories and Request for Documents, but it did not say whether he would appear on September 28. He did not appear (see Exh. F). I hereby rule that his failure to appear was a violation by Mr. Embuscado of Judge McMahon's July 13 order that his deposition "will need to be completed by the end of September." I will decide later on the full extent of the sanctions to be imposed for that violation.
>
> 11. I hereby direct Mr. Embuscado to appear at the offices of Fross Zelnick Lehrman & Zissu, 866 U.N. Plaza, First Avenue at 48th Street, New York, New York (or any other Manhattan office specified in writing by defense counsel), **for his deposition on November 27, 2007**, beginning at 10:00 a.m., ....
>
> * * *
>
> 13. If Mr. Embuscado fails to comply with any of the directives in this Memorandum and Order, then I will probably recommend to Judge McMahon that she dismiss both of these lawsuits.

On November 14, 2007, Mr. Perkins sent a letter to me and to Mr. Embuscado; it said, in part:

> ... I write to inform Your Honor that Plaintiff has failed to comply with the Court's Order of November 1, 2007 (the "Order").
>
> Pursuant to the Order, Plaintiff was required to telephone me "as soon as possible, starting no later than November 8, 2007" and to call every hour until he

> reached me. I have been reachable on my office telephone every business day since November 8 and Plaintiff neither called nor left any telephone messages.
>
> The Order also required Plaintiff, no later than November 8, 2007, to send me the information set forth in Fed. R. Civ. P. [2]6(a)(1)(A) and (B). Plaintiff has failed to send the required information.
>
> The Order also required Plaintiff, no later than November 8, 2007, to send me signed and notarized responses to Defendants' Interrogatories 1-7. Plaintiff has also failed to comply with this requirement.
>
> The Order also required Plaintiff, no later than November 13, 2007, to produce every document in his possession, custody, or control it is responsive to Document Requests Nos. 1, 2, 5 through 19, and 21 through 26. Plaintiff has also failed to comply with this portion of the Order.
>
> ... At this point, in light of Plaintiff's pervasive failure to comply with Judge McMahon's prior orders (as outlined in my October 29, 2007 letter), and his failure to comply with the most recent Order, Defendants respectfully request that Your Honor recommend to Judge McMahon that she dismiss the actions with prejudice.

On November 21, 2007, Mr. Embuscado served and filed a 7-page Response to my 11/1/07 Memorandum and Order. This Response is Docket Item #17, but I am annexing an extra copy of it to this Report for ready reference.

Page 1 of the 11/21/07 Response: Mr. Embuscado says he supplied defense counsel with 110 pages of "information-materials" prior to July 13, 2007, and 9 pages on October 3, 2007, and 4 pages on November 14, 2007. He concedes that he has provided only some of the information, but he asserts that other information was "readily available in my Web sites: dissectionalart.com and compartmentalcomics.com."

Pages 2-3 of the 11/21/07 Response: As to defendants' 8/14/07 Interrogatories and Document Requests (Exhs. G and I), Mr. Embuscado says he had already "answered" those on September 12, 2007. In reality, his 9/12/07 responses (Exhs. H and J) did

not give answers, but merely asserted that the interrogatories and requests were "unclear." I rejected those assertions in my 11/1/07 Memorandum and Order. At pages 2-3, Mr. Embuscado repeats those assertions; I again reject them.

Pages 4-7 of the 11/21/07 Response: As to Mr. Embuscado's obligation to appear for his deposition, he complains that the 9/19/07 notice (Exh. C) was sent to him (via Express Mail) only 9 days prior to the original date for deposition. Yet his 9/25/07 response (Exh. E) did not say that he was unable to appear on September 28, and he ignored Mr. Perkins's 9/19/07 cover letter (Exh. D) which said: "If you are not able to appear on the 28th, please call me as soon as possible so that we can schedule a different date." My 11/1/07 Memorandum and Order gave Mr. Embuscado a second chance, and ample notice, when it said: "I hereby direct Mr. Embuscado to appear at the offices of Fross Zelnick Lehrman & Zissu, 866 U.N. Plaza, First Avenue at 48th Street, New York, New York (or any other Manhattan office specified in writing by defense counsel), **for his deposition on November 27, 2007**, beginning at 10:00 a.m., ...." Mr. Embuscado sent strong signals that he would not appear: First, he continued to defy my 11/1/07 order that he telephone Mr. Perkins. Second, at page 6 of the 11/21/07 Response, Mr. Embuscado writes that this "Manhattan" office is "clearly confusing" and conflicts with "Judge McMahon's July 13 order" (Exh. B, Tr. 14: "The lawyer is going to ask you to come to his office"). Mr. Embuscado says that the phrase "his office" means only Cold Spring, New York, and he adds that he "can not violate Hon. Judge McMahon's 'his office.'"

On November 26, 2007, my law clerk telephoned Mr. Perkins, who confirmed to her that Mr. Embuscado had still not telephoned him. At my direction, my law clerk told Mr. Perkins that he did not have to waste a second day traveling to Manhattan in the hope that Mr. Embuscado would appear for deposition.

## DISCUSSION

Pending before me is Mr. Perkins's letter motion dated November 14, 2007, in which the defendants move for dismissal of the actions with prejudice. I am annexing, to this Report, a copy of that 11/14/07 letter motion. This letter motion renews Mr. Perkins's letter motion dated October 29, 2007 (Docket Item #18), which enclosed a 20-page draft that invoked Rules 37(b)(2) and 37(d), and spelled out his good faith efforts to confer with plaintiff, who refused to confer with him. I am annexing copies of those two Rules (showing first the wording that was in effect

prior to December 1, 2007, and then the wording that is now in effect after clarifying prose changes).

The Supreme Court has written:

> In our opinion, whether a court has power to dismiss a complaint because of noncompliance with a production order depends exclusively upon Rule 37, which addresses itself with particularity to the consequences of a failure to make discovery. ... There is no need to resort to Rule 41(b), which appears in that part of the Rules concerned with *trials* and which lacks such specific references to discovery.

*Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 207, 78 S.Ct. 1087, 1093 (1958). In considering dismissal under either Rule 37 or Rule 41(b), courts look to five factors, none of which is dispositive:

> ... (1) the duration of the plaintiff's failures, (2) whether plaintiff was on notice that further delays would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delays, (4) a balancing of the court's interest in alleviating its calendar congestion and protecting the party's fair chance to be heard, and (5) whether the judge has adequately considered the efficacy of lesser sanctions. *E.g., Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

*Graf v. Long Island Railroad Co.*, 2006 WL 2620525, *3 (E.D.N.Y. Sept. 13, 2006) (Gershon, J., adopting R&R of Reyes, M.J.). I shall now discuss those five factors as they apply to the case at bar.

**(1) The duration of plaintiff's failures to comply.** Mr. Embuscado's failures occurred repeatedly throughout September, October and November 2007, and they have not been rectified. He failed to comply with three court orders:

(a) Judge McMahon's July 13, 2007 directives, in particular: "I'm directing that the plaintiff's deposition be the first deposition to be held. [Tr. 14] .... The plaintiff's deposition will need to be completed by the end of September. [Tr. 15]."

(b) My Memorandum and Order dated September 21, 2007, in particular: "I enclose a copy of my Standing Order for Discovery Disputes. The Standing Order sets out my rules if you have any disputes about discovery. If the dispute concerns a deposition that is actually in progress, you can try to reach me by telephone. For any other sort of dispute, <u>you must meet and confer and try to compromise</u>; if that fails, then you must send me a single joint letter. [¶7, emphasis added.]

(c) My Memorandum and Order dated November 1, 2007, in particular:

> 5. I hereby direct Mr. Embuscado to **telephone Mr. Perkins as soon as possible, starting no later than November 8, 2007**, and to keep calling every 60 minutes during business hours until he reaches Mr. Perkins, and then to confer with Mr. Perkins in good faith for at least 20 minutes concerning the complaints spelled out in Mr. Perkins's 20-page letter.
>
> * * *
>
> 8. .... I direct Mr. Embuscado to **send to Mr. Perkins, no later than November 8, 2007**, complete answers to Interrogatories Nos. 1 through 7, signed and notarized.
>
> 9. .... I direct Mr. Embuscado to **send to Mr. Perkins, no later than November 13, 2007**, a copy of each document in Mr. Embuscado's possession, custody, or control that is responsive to any of Requests Nos. 1, 2, 5 through 19, and 21 through 26.
>
> * * *
>
> 11. I hereby direct Mr. Embuscado to appear at the offices of Fross Zelnick Lehrman & Zissu, 866 U.N. Plaza, First Avenue at 48th Street, New York, New York (or any other Manhattan office specified in writing by defense counsel), **for his deposition on November 27, 2007**, beginning at 10:00 a.m.,....

**(2) Whether plaintiff was on notice that further delays would result in dismissal.** Defense counsel sent plaintiff a detailed dismissal motion (20 pages plus Exhibits A through J) on two occasions: October 19 and October 29, 2007. Moreover, I gave two clear warnings to Mr. Embuscado in my Memorandum and Order dated November 1, 2007: "10. .... I hereby rule that his failure to appear [on September 28] was a violation by Mr. Embuscado of Judge McMahon's July 13 order that his deposition

'will need to be completed by the end of September.' I will decide later on the full extent of the sanctions to be imposed for that violation. * * * 13. If Mr. Embuscado fails to comply with any of the directives in this Memorandum and Order, then I will probably recommend to Judge McMahon that she dismiss both of these lawsuits."

Despite those warnings, Mr. Embuscado proceeded to violate Paragraphs 5, 8, 9 and 11 of my November 1, 2007 order.

**(3) Whether the defendants are likely to be prejudiced by further delays.** Mr. Embuscado's conduct has forced the defendants to incur substantial legal fees and expenses, including the expense of the wasted travel of Mr. Perkins and a stenographer to the September 28 deposition at which plaintiff failed to attend. It seems unlikely that Mr. Embuscado would be willing and able to reimburse the defendants for those fees and expenses, and it seems likely that the defendants are likely to be prejudiced by further delays.

**(4) A balancing of calendar congestion and protecting the party's fair chance to be heard.** Mr. Perkins gave plaintiff numerous chances to confer with him about the discovery disputes and to present plaintiff's position to me in a single joint letter as required by my Standing Order for Discovery Disputes. Judge McMahon had previously explained to plaintiff his various obligations to provide information and testimony. He violated her order to appear for deposition prior to September 30, but I then gave him a second chance to give his testimony. I can attest that my own calendar congestion has increased because of the time spent writing my 11/1/07 order, and now writing this Report.

**(5) The efficacy of possible lesser sanctions.** I have considered the possibility of imposing lesser sanctions, such as one or more of the sanctions listed in Rule 37(b)(2). I find that Mr. Embuscado's failures to comply with the three court orders were willful and deliberate. I think that the only appropriate sanction would be dismissal of both lawsuits, with prejudice.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, I recommend that Judge McMahon (a) grant defendants' 10/29/07 letter motion for dismissal (Docket Item #18) and defendants' 11/14/07 letter motion for dismissal (Docket Item #19), and (b) dismiss Mr. Embuscado's Complaints, with prejudice, in both 07 Civ. 2813 and

07 Civ. 4631.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, Mr. Embuscado may object to this recommendation within 10 business days after being served with a copy (i.e. **no later than January 30, 2008**), by filing written objections with the Clerk of the U.S. District Court and mailing copies (a) to the Court's Pro Se Office, (b) to the Hon. Colleen McMahon, U.S.D.J. at Room 640, 500 Pearl Street, New York, NY 10007 and (c) to me at Room 1360, 500 Pearl Street. Failure to file objections within 10 business days will preclude appellate review. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), and 6(e). Any request for an extension of time must be addressed Judge McMahon.

Douglas F. Eaton

DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181

Dated: New York, New York
January 10, 2008

Copies of this Report and Recommendation (and of Mr. Perkins's 11/14/07 letter motion, and of Mr. Embuscado's 11/21/07 response, and of Rule 37(b)(2), and of Rule 37(d)) are being mailed to:

Mr. Restituto Embuscado
P.O. Box 1295
Madison Square Station
23rd Street
New York, NY 10159

Patrick T. Perkins, Esq.
Perkins Law Office, P.C.
1711 Route 9D
Cold Spring, NY 10516

Hon. Colleen McMahon
U.S. District Judge
Room 640, 500 Pearl Street
New York, NY 10007



NOV 14 2007

November 14, 2007

**VIA FACSIMILE**

Hon. Douglas F. Eaton
U.S. Magistrate Judge
U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Embuscado v. DC Comics* – 07 Civ. 2813 (CM) (DFE) and 07 Civ. 4631 (CM) (DFE)

Dear Judge Eaton:

I represent the Defendants in the two related cases referenced above. I write to inform Your Honor that Plaintiff has failed to comply with the Court's Order of November 1, 2007 (the "Order").

Pursuant to the Order, Plaintiff was required to telephone me "as soon as possible, starting no later than November 8, 2007" and to call every hour until he reached me. I have been reachable on my office telephone every business day since November 8 and Plaintiff neither called nor left any telephone messages.

The Order also required Plaintiff, no later than November 8, 2007, to send me the information set forth in Fed. R. Civ. P. 16(a)(1)(A) and (B). Plaintiff has failed to send the required information.

The Order also required Plaintiff, no later than November 8, 2007, to send me signed and notarized responses to Defendants' Interrogatories 1-7. Plaintiff has also failed to comply with this requirement.

The Order also required Plaintiff, no later than November 13, 2007, to produce every document in his possession, custody, or control that is responsive to Document Requests Nos. 1, 2, 5 through 19, and 21 through 26. Plaintiff has also failed to comply with this portion of the Order.

1711 ROUTE 9D COLD SPRING, NEW YORK 10516
T (845) 265-2820 F (845) 265-2819
PPERKINS@PTPLAW.COM

At the conclusion of the Order, Your Honor states "[i]f Mr. Embuscado fails to comply with any of the directives in this Memorandum and Order, then I will probably recommend to Judge McMahon that she dismiss both of these lawsuits." (Order at 5.) At this point, in light of Plaintiff's pervasive failure to comply with Judge McMahon's prior orders (as outlined in my October 29, 2007 letter), and his failure to comply with the most recent Order, Defendants respectfully request that Your Honor recommend to Judge McMahon that she dismiss the actions with prejudice.

Respectfully submitted,

Patrick T. Perkins

cc:    Restituto Embuscado (via Express Mail)



U.S. DISTRICT COURT FILED NOV 2 1 2007 S.D. OF N.Y.

PRO SE OFFICE

17

07 Civ. 2813 (CM) (DFE)
07 Civ. 4631 (CM) (DFE)

Restituto Embuscado

Plaintiff and Pro Se

V.

"MEMORANDUM AND ORDER"

Response

DC Comics, Warner Bros. Entertainment Company, Inc.

And Time Warner, Inc.

Defendants

Patrick T. Perkins

Attorney for Defendants

(1) "All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii) and (iii).

(a) Some information were already provided. And, other information had been shown and were readily available in my Web sites: dissectionalart.com. and compartmentalcomics.com.

(b) " Under Rule 34, I had shown "good cause" for providing the information-materials On Rule 16 conference, before the Honorable Colleen McMahon, United States District Judge, on Friday, July 13, 2007 at 11:30 a.m. I had already provided 110 pages of information-materials.

(c) On October 3, 2007, I send or mailed to the defendants' 9 pages of information-material.

(d) On November 14, 2007, I send or mailed to the defendants' 4 pages of information-material on:

"St Marks Book Shop."



"Expedi printing inc."

"Filipino artists AROUND ny"

(2) I did not get a chance to asked the defendants for any documents, or from Rule 34: "substantial equivalent of the materials..."

(3) In Hon. Judge Douglas F. Eaton's 'MEMORANDUM AND ORDER," page 6, he said that "Until further order, Mr. Perkins need not respond to any requests by Mr. Embuscado for discovery."

(4) I had already answered the defendants "INTEROGATORIES," dated September 12, 2007. I had already answered the "DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS" dated September 12, 2007.

(a) In response to Hon Judge Douglas F. Eaton's 'MEMORANDUM AND ORDER," he wrote: " complete answers to Interrogatories Nos. 1 through 7." I had already answered the defendants' "Interrogatories." And, his Honor wrote that: "he singles out a phrase and asserts that it is not clear."

I had already answered the defendants' "Request."

The defendants' purpose of obtaining "All documents" were not clear. It was confusing.

In my opinion, defendants' "phrase," from pages 5, 6, 7, 8, 9, 10, 11, 12, 13, 14,15, 16, 17, 18, 20, 21,24, 25 was not properly confined to the meaning of what they called "trademark." It has no connection with "Blacks Law Dictionary" definition of trade-mark as "a distinctive mark of authenticity" or originality."

"The American Heritage Dictionary of The English Language" defines "phrase" as to "express orally or in writing." In my opinion, trademark is not about an "expression" of distinctive "phrase" of authenticity, "orally or in writing." Trademark is about a "mark of authenticity" or originality, or a "famous mark."



Therefore, "phrase" under "Lanham Act," 15 U.S.C. (a)(1), is "likely to cause Confusion."

"Rules 33 and 36 have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact." And, "documents or parts of documents containing these matters are protected against discovery by this subdivision."

(b) In determining whether the showing of "good cause" had been made by what I called not clear is subject to the separation between "good cause" and no cause. This is a fair claim of justification. In my opinion, clearness must be reasonably available in order to avoid the issue of substantial insignificance, or irrelevance, as in "likely to cause confusion:" "Lanham Act." 15 U.S.C. (a)(1).

Because, in my opinion, defendants' "phrase" was not clear. It had no connection with a "distinctive mark of authenticity."

Rules 33 and 36, have been revised in order to permit discovery calling for opinions, contentions and admissions relating not only to fact but also the application of law to fact."

And, "documents or parts of documents containing these matters are protected against discovery by this subdivision."

PAGE 3



(5) Defendants' improperly served "Notice of Deposition"

and conflicting "Deposition:"

Defendants' did not avoid delay. Defendants' were not in a position to delay the "Notice." Because, defendants' failure to provide or give me a "transcript," in which I am entitled to a copy, and reasonable time, are unreasonable and "unsatisfactory and unfair in its operation." "Rule 30(b) contains provisions giving ample protection to persons who are unreasonably pressed."

(a) Defendants' "Notice of Deposition" was improperly served. It was very short. There was not enough time. From the day that it was served - dated September 19, 2007 to Judge McMahon's deadline, "end of September:" September 30. From September 19, 2007 to September 30, there were only 11 days including Saturday and Sunday.
Defendants' "Notice of Deposition" is "unsatisfactory and unfair in its operation."

(b) Defendants' did not even give me 20 days.

Defendants' had violated Hon. Judge McMahon's "his office" or what Hon. Judge Douglas F. Eaton's wrote in his "Memorandum and Order": page. 10; "On July13, 2007, Judge McMahon told Mr. Embuscado that Mr. Perkins "has a right to take your testimony under oath in his office." The defendants' attorney's office was located in 1711 Route 9D Cold Spring, New York 10516.

(c) The defendants did not give me a "transcript."
Hon. Judge Magistrate Douglas F. Eaton in his "Memorandum and Order that: "Pursuant to Rule 30(e) allows 30 days for the deponent to make such changes." Defendants had not only given me a "transcript," but they had not also given me thirty days when they improperly served the "Notice of Deposition."
Defendants had not given me a "transcript." Defendants had not also given me "30 days."



(d) Defendants, according to Hon. Judge McMahon, "has a right to take your testimony in his office."

(e) In a "Memorandum And Order," Hon. Magistrate Judge Douglas F. Eaton wrote: "On September 19, defense counsel served Mr. Embuscado (by Federal Express) with a Notice of Deposition to appear on September 28, 2007 at 10:00 a.m. for a deposition at the office of a law firm in midtown Manhattan."

(f) In defendants' **"VIA EXPRESS MAIL,"** dated September 19, 2007 it said that: "As a result, I enclose a Notice of Deposition for Friday, September 28, 2007, beginning at 10:00 a.m. As listed in the Notice, the deposition shall take place at 866 United Nations Plaza., which is the south east corner of 1st Avenue and 48th Street in Manhattan."

(g) Hon. Magistrate Judge Douglas F. Eaton, in his Memorandum And Order," wrote That: "pursuant to Rule 30(e) allows 30 days for the deponent to make such changes." Defendants' had not only given me a "transcript," but they had not also given me "30 days" when they served their improper "Deposition," dated September 19, 2007.

(h) Without a "transcript," nothing would lead to the discovery of such evidence, because it had tended to encourage confusion. Or, likely to cause confusion.

(i) I did not go to "866 United Nations Plaza," because this was a different "office." This was New York, New York, or " 1st Avenue and 48th Street in Manhattan."

(j) And again, defendants,' in their first improperly served "notice," did not give me a transcript. They did not give me a reasonable time.

(k) The defendants' attorney's "office" was located in 1711 Route 9D Cold Spring, New York. 10516.

(l) This "Manhattan" office is clearly confusing and conflicting in its nature, because this is not the defendants' attorney's "office." It was not the right one.

(m) It was not Hon. Judge McMahon called "his office."

(n) I had made a good faith effort to respond to defendants' "Interrogatories" and "request," but the defendants change of address, from "his office" to "Manhattan" would be subjected to violation of Hon. Judge Colleen McMahon's "his office."

(o) I could not violate Hon. Judge Mc Mahon's "his office" in the past.

(p) Because, of what Magistrate Judge Douglas F. Eaton wrote in his "Memorandum and Order" of " Judge McMahon's July 13 order that his deposition 'will need to be completed by the end of September.'" again, I can not violate Hon. Judge McMahon's "his office."

(q) In my opinion, defendants' further proceeding, allowing for the second deposition to be taken may not be used in the same manner and under the same conditions as prescribed or provided by "Judge McMahon's July 13 order. Because, defendants' "Notice" was improper and had already expired.

Defendants' lack of "good cause" for the production of "transcript," based on "Rule 34" as "requiring inquiry into the importance of and need for the materials," and lack of reasonable time was not justified. It was unreasonable. It was unsatisfactory and unfair and in its operation. Defendants' failure to provide or give me a reasonable time was also a violation of my right, or what Judge McMahon wrote: "right." I have a "right," too.

Defendants' failure to provide or give me a "transcript was also a violation of my right, or what Judge McMahon wrote: "right." I have a "right," too.



(r) Defendants' "Notice of Deposition," dated September 19, 2007 was improperly served; therefore, duplication of the defendants' improperly served "deposition" with another deposition may be considered conflicting and likely to cause confusion. It may be considered unreasonable, "unsatisfactory and unfair in its operation."

"Rule 30(b) contains provisions giving ample protection to persons who are unreasonably pressed."

" All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii) and (iii).

"This otherwise redundant cross-reference has been added to emphasize the need for active judicial use of subdivision (b)(2) to control excessive discovery."

"Rules 33 and 36 have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact." And, " documents or parts of documents containing these matters are protected against discovery by this subdivision."

Restituto Embuscado

Dated: NOVEMBER 21, 2007

Correspondence Address:

P.O. Box 1295
Madison Square Station
New York, New York
10159



effort to secure the information or material without court action. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.

(3) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.

(4) *Expenses and Sanctions.*

(A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

(B) If the motion is denied, the court may enter any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

(C) If the motion is granted in part and denied in part, the court may enter any protective order authorized under Rule 26(c) and may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

**(b) Failure to Comply With Order.**

(1) *Sanctions by Court in District Where Deposition Is Taken.* If a deponent fails to be sworn or to answer a question after being directed to do so by the court in the district in which the deposition is being taken, the failure may be considered a contempt of that court.

(2) *Sanctions by Court in Which Action Is Pending.* If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is

pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

(E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

**(c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.**

(1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

(2) If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party



may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.

**(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.** If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action.

In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

**(e) Subpoena of Person in Foreign Country [Abrogated].**

**(f) Expenses Against United States [Repealed].**

**(g) Failure to Participate in the Framing of a Discovery Plan.** If a party or a party's attorney fails to participate in good faith in the development and submission of a proposed discovery plan as required by Rule 26(f), the court may, after opportunity for hearing, require such party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.

[Amended December 29, 1948, effective October 20, 1949; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; amended by Pub.L. 96–481, Title II, § 205(a), October 21, 1980, 94 Stat. 2330, effective October 1, 1981; amended March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993; April 17, 2000, effective December 1, 2000.]

# VI. TRIALS

## RULE 38. JURY TRIAL OF RIGHT

**(a) Right Preserved.** The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

**(b) Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

**(c) Same: Specification of Issues.** In the demand a party may specify the issues which the party wishes so tried; otherwise the party shall be deemed to have demanded trial by jury for all the issues so triable. If the party has demanded trial by jury for only some of the issues, any other party within 10 days after service of the demand or such lesser time as the court may order, may serve a demand for trial by jury of any other or all of the issues of fact in the action.

**(d) Waiver.** The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

**(e) Admiralty and Maritime Claims.** These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h).

[Amended February 28, 1966, effective July 1, 1966; March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993.]

## RULE 39. TRIAL BY JURY OR BY THE COURT

**(a) By Jury.** When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made

## RULE 37. FAILURE TO MAKE DISCLOSURES OR TO COOPERATE IN DISCOVERY; SANCTIONS

**(a) Motion for an Order Compelling Disclosure or Discovery.**

(1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

(2) *Appropriate Court.* A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

(3) *Specific Motions.*

(A) To Compel Disclosure. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

(B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

(i) a deponent fails to answer a question asked under Rule 30 or 31;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

(C) Related to a Deposition. When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

(4) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5) *Payment of Expenses; Protective Orders.*

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

(B) If the Motion Is Denied. If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

(C) If the Motion Is Granted in Part and Denied in Part. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

**(b) Failure to Comply with a Court Order.**

(1) *Sanctions in the District Where the Deposition Is Taken.* If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court.

(2) *Sanctions in the District Where the Action Is Pending.*

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;



(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(B) For Not Producing a Person for Examination. If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.

(C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

(1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

(2) *Failure to Admit.* If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:

(A) the request was held objectionable under Rule 36(a);

(B) the admission sought was of no substantial importance;

(C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or

(D) there was other good reason for the failure to admit.

**(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**

(1) *In General.*

(A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:

(i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; or

(ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

(B) Certification. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

(2) *Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

(3) *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

**(e) Failure to Provide Electronically Stored Information.** Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system.

**(f) Failure to Participate in Framing a Discovery Plan.** If a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.

[Amended December 29, 1948, effective October 20, 1949; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; amended by Pub.L. 96-481, Title II, § 205(a), October 21, 1980, 94 Stat. 2330, effective Octo-